UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:16-cr-00358 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 37] |
| vs. | : | |
| | : | |
| DERRICK SWINNEY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Derrick Swinney requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1] The Government opposes.[2]

For the following reasons, the Court **DENIES** Swinney's motion for compassionate release.

I. Background

In January 2017, Swinney pleaded guilty to one count of escape and two counts of bank robbery.[3] In May 2017, this Court sentenced Swinney to 66 months imprisonment for escape and 77 months imprisonment for bank robbery.[4] The sentences run concurrently. Swinney is scheduled for release in July 2022.[5]

---

[1] Doc. 37.
[2] Doc. 44.
[3] Doc. 16.
[4] Doc. 23.
[5] Doc. 37 at 2.

Case No. 1:16-cr-00358
GWIN, J.

## II. Discussion

On July 17, 2020, Swinney moved for compassionate release. Swinney requests a sentence reduction due to a medical condition that he claims increases his risk of severe illness if contracts COVID-19.[6]

The Government opposes.[7] The Government contends that the CDC does not recognize Swinney's chronic illness as increasing the risk for COVID-19 complications.[8] Moreover, the Government argues Swinney remains a danger to the community and that the § 3553 factors do not support early release.[9]

### A. Exhaustion

The Court may modify a defendant's sentence upon a motion from the defendant if the defendant filed the motion thirty or more days after the defendant sent a compassionate release request to their warden.[10]

On June 18, 2020, Swinney asked the USP Thomson Warden for a sentence reduction.[11] Because Swinney filed this motion more than thirty days after he sent his request to the warden, Swinney meets the statutory exhaustion requirement.

### B. Eligibility

To grant compassionate release, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with

---

[6] Swinney also states he has an aging parent who he needs to care for, but he does not support this claim in his motion. Therefore, the Court will not consider it as a ground for compassionate release. *See* Doc. 37.
[7] Doc. 44.
[8] *Id*. at 10.
[9] *Id*. at 12–14.
[10] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).
[11] Doc. 44-1.

- 2 -

Case No. 1:16-cr-00358
GWIN, J.

applicable policy statements issued by the Sentencing Commission."[12] The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[13]

The applicable policy statement instructs that extraordinary and compelling reasons for a sentence reduction fall into four categories: (i) serious or terminal medical conditions, (ii) age, (iii) family circumstances, and (iv) other reasons.[14]

Swinney's COVID-19 argument is not persuasive. Swinney suffers from Graves' disease, which causes hyperthyroidism.[15] But as the Government observes, Graves' disease, specifically, and hyperthyroidism, generally, are not associated with an increased risk of serious illness from COVID-19.[16] And Swinney's condition is well managed with medication he receives while in prison.[17]

Further, the § 3553 factors do not support early release. Swinney is currently incarcerated because he escaped from a halfway house within months of arriving from FCI

---

[12] 18 U.S.C. § 3582(c)(1)(A).
[13] *Id.*
[14] USSG § 1B1.13 cmt. n.1. The policy statement is outdated in that it still assumes compassionate release "may by granted only upon motion by the Director of the Bureau of Prisons." *United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, at *5 (S.D. Iowa Apr. 29, 2020), *appeal filed* No. 20-2053 (quoting USSG § 1B1.13 cmt. n.4). Because this is no longer the law under the First Step Act, which allows defendants to seek relief directly from the court, the outdated policy leaves "district courts in a conundrum." *Id.* (describing that Congress now allows district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission, but the Commission "has not made the policy statement for the old regime applicable to the new one"). This Court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant" compassionate release. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) (citation omitted) (collecting cases). *See also United States v. Rice*, No. 5:05-cr-00042, 2020 WL 5569616, at *1 (N.D. Ohio Sept. 17, 2020).
[15] Doc. 37.
[16] *See* Doc. 44 at 10; *see also People with Certain Medical Conditions*, Center for Disease Control and Prevention (Dec. 29, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.
[17] Doc. 44 at 10.

- 3 -

Case No. 1:16-cr-00358
GWIN, J.

Memphis and committed two bank robberies before he was captured.[18] Despite Swinney's commendable efforts to rehabilitate himself while serving his current sentence, the Court is not convinced it is appropriate to grant him early release.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** without prejudice Swinney's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

IT IS SO ORDERED.

Dated: December 31, 2020             *s/      James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE

---

[18] Doc. 44 at 2–3.

- 4 -